UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| William Baquero, <br> Plaintiff, <br> v. <br> Christopher Lallo, et al., <br> Defendants. | Case No. 2:23-cv-00775-GMN-BNW <br><br> **ORDER** |

Plaintiff William Baquero filed A notice to cease and desist which this Court construes as a complaint. (ECF Nos. 2-2). He filed an application to proceed *in forma pauperis* (IFP application). (ECF No. 2.) His IFP application and complaint are now before the Court for review under 28 U.S.C. § 1915.

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant Plaintiff's IFP application (ECF No. 2).

**I.      Factual and Procedural Background**

Baquero's complaint is long and contains many citations to the United States Constitution and several cases. At bottom, Baquero complains he is being forced, under duress, to participate "in this court" at hearing for alleged non-payment of child support.

**II.     Legal Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.  Analysis**

First, the Court notes that no such hearing is being held *in this court*. Any such hearing is likely taking place in state court.

Next, assuming Baquero intends to file in federal court, it is unclear to the Court what claims Baquero is attempting to bring forth. The court therefore will dismiss the complaint without prejudice for Plaintiff to file an amended complaint (if he truly intends to proceed in federal court) to clarify the claims and parties in this matter.

If Plaintiff chooses to file an amended complaint, Plaintiff is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging

against which defendants.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each defendant.  Specifically, Plaintiff must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Plaintiff further is advised that in drafting his amended complaint, all that is required is that he state, in short and plain terms, a claim showing an entitlement to relief.  See Fed. R. Civ. P. 8(a).  Although Plaintiff must give the defendants fair notice of the claims alleged against them, intricately detailed and lengthy factual allegations are not necessary.  Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 2-2)  will no longer serve any function in this case.  As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently.  The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

If Plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, Plaintiff must do so within 30 days from the date of this order.  If Plaintiff does not file an amended complaint, the court will recommend that this case be dismissed, without prejudice.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must file the complaint (ECF No. 2-2).

**IT IS FURTHER ORDERED** that the complaint (ECF No. 2-2) is **DISMISSED** with leave to amend as stated in this order.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, it must be filed within 30 days from the date of this order.

1    **IT IS FURTHER ORDERED** that the Clerk of Court must send to Plaintiff the approved
2    form for filing a § 1983 complaint, instructions for the same, and a copy of his complaint (ECF
3    No. 2-2).
4    DATED: May 23, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE