**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| William Baquero, | Case No. 2:23-cv-00775-GMN-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Christopher Lallo, et al., | |
| Defendant. | |

Pro se Plaintiff William Baquero previously filed a "Cease and Desist" notice, which this Court construed as a complaint. ECF No. 2-2. This Court screened the complaint and dismissed it with leave to amend. ECF No. 3. In that order, this Court explained that (1) there was no child-support case pending in this Court, (2) that it was not clear what claims he was raising, (3) and that if an amended complaint was filed it should detail who the defendants were and what claims were being brought against each of them.

On June 12, 2023, Plaintiff filed a new "Cease and Desist" notice, which this Court construes as an amended complaint. ECF No. 5. As explained below, it is now clear Plaintiff is attempting to litigate the validity of a child support order. As this Court does not have jurisdiction over such matters, this Court recommends that the complaint be dismissed without leave to amend.

I.    **ANALYSIS**

A.    **Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Screening the complaint**

Plaintiff's amended complaint essentially states that a fictitious child support claim has been brought against him and that he is under no legal obligation to pay child support.

Challenges that attack state court proceedings concerning child custody or court child support orders are inextricably intertwined with the state court proceedings and thus beyond the jurisdiction of a federal district court under *Rooker-Feldman*. *Fikrou v. Montgomery County Office of Child Support Enf't Div.*, No. 2:15-cv-01297-GMN-NJK, 2015 WL 6539767, at *2 (D. Nev. Oct. 28, 2015); *Rucker v. County of Santa Clara, State of California*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (constitutional challenge to validity of state child support order and enforcement order was inextricably intertwined with state court ruling and barred by *Rooker-Feldman*); *Woodson v. Kern County Child Support Servs.*, No. 1:18-CV-0726-LJO-JLT, 2018 WL 2939268, at *5 (E.D. Cal. June 12, 2018) (same); Ig*nacio v. Judges of U.S.*

*Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (*Rooker-Feldman* barred complaint attacking the proceedings of a state court in domestic matter).

Accordingly, the Court recommends that the amended complaint be dismissed without leave to amend pursuant to the *Rooker-Feldman* doctrine.

**II.    CONCLUSION**

IT IS THEREFORE RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 5) be dismissed without leave to amend.

IT IS FURTHER RECOMMENDED that this case be closed.

DATED: July 7, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).